FILED IN MY OFFICE
DISTRICT COURT CLERK
3/17/2017 2:57:43 PM
STEPHEN T. PACHECO
Jorge Montes

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

AMANDA JONES WORTHINGTON
and GARREN VISSER,

                Plaintiffs,

v.

MGA INSURANCE COMPANY, INC., d/b/a GAINSCO, and
LAW OFFICES OF PAUL S. GRAND, P.A., and PAUL S. GRAND,

                Defendants.

Case assigned to Mathew, Francis J.

No. D-101-CV-2017-00744

## COMPLAINT FOR INSURANCE BAD FAITH, FOR BREACH OF THE NEW MEXICO INSURANCE CODE, BREACH OF THE UNFAIR TRADE PRACTICES ACT, BREACH OF THE TRADE PRACTICES AND FRAUDS ACT, BREACH OF CONTRACTUAL DUTIES, LEGAL MALPRACTICE, AND FOR BREACH OF FIDUCIARY DUTY

Plaintiffs Amanda Jones Worthington and Garren Visser, through undersigned counsel, file their cause of action against MGA Insurance Company, Inc., d/b/a Gainsco [hereinafter "MGA"] and Law Offices of Paul S. Grand, P.A. and Paul S. Grand [hereinafter "Grand"] and state the following:

1. Plaintiff Amanda Jones Worthington, formerly Amanda Jones, was at all times material to this matter, a resident of Chaves County, New Mexico, and was severely and permanently injured in a motor vehicle collision occurring in Chaves County on May 7, 2011.

2. Plaintiff Garren Visser was at all times material to this matter, a resident of Chaves County, New Mexico.

3. On information and belief, Defendant MGA was and is an insurer as defined by New Mexico law that is organized and existing under the laws of a state other than New Mexico, and

EXHIBIT A

at all times material was licensed to conduct the business of insurance in New Mexico and is engaging in the business of insurance in New Mexico.

4.   At all times material, Defendant MGA insured Mr. Visser with an automobile liability policy in the amount of $25,000 per person and $50,000 per accident in liability coverage.

5.   On information and belief, Defendant Paul Grand is a resident of Santa Fe County and was hired by Defendant MGA to represent and defend Mr. Garren Visser in the underlying case that was tried to judgment, in a jury trial, in favor of Ms. Amanda Jones Worthington against Mr. Visser, in *Jones Worthington v. Visser*, Case No. D-504-CV-2011-00633, State of New Mexico Fifth Judicial District Court, Chaves County, before the Honorable Steven L. Bell.

6.   Judgment was entered on March 21, 2014, in favor of Ms. Jones Worthington against Mr. Visser, after a jury trial, in the amount of $760,000.00, in Case No. D-504-CV-2011-00633.  The Court also awarded costs, and pre and post judgment interest.

7.   In exchange for a covenant not to execute judgment against Mr. Visser in Case No. D-504-CV-2011-00633, Mr. Visser executed a partial assignment to Amanda Jones Worthington, assigning the majority of all claims and rights he has or could maintain against Defendant MGA and Defendant Grand, with Mr. Visser retaining a partial interest in claims he is entitled to bring against Defendants as set forth in the present Complaint.

8.   In addition to the claims brought pursuant to the assignment, Plaintiff Amanda Jones Worthington is presenting claims against Defendant MGA as allowed by *Hovet v. Allstate Ins. Co.*, 2004-NMSC-010, 135 N.M. 397, 89 P.3d 69, and the Trades Practices and Frauds Act NMSA 1978, Section 59A-16-20 (1997).

9.   Jurisdiction and venue are proper in this Court.

## BACKGROUND

2

**Facts regarding the Jury Verdict:**

10. On May 7, 2011, Garren Visser was operating a 2008 pickup, owned by Mr. Visser, that slammed into the rear of the vehicle in which Amanda Jones Worthington was riding, causing it to roll several times before coming to a stop, and requiring emergency personnel to use the "jaws of life" to remove Ms. Jones Worthington from the vehicle.

11. Ms. Jones Worthington was a passenger in Elizabeth Wilson's vehicle that was being lawfully operated on New Mexico Highway 2 when Mr. Visser, under the influence of alcohol, recklessly struck the rear-end of Ms. Wilson's vehicle, resulting in severe and permanent injuries to Ms. Jones Worthington.

12. On March 21, 2014, judgment was entered in favor of Ms. Jones Worthington against Mr. Visser, after a jury trial, in the amount of $760,000.00.

13. After a jury trial, as shown on the Special Verdict form in Case No. D-504-CV-2011-00633, the jury found total compensatory damages against Mr. Visser in the amount of $360,000.00, and found the total amount of punitive damages against Mr. Visser in the amount of $400,000.00.

14. While Mr. Visser and his then counsel, Defendant Paul Grand, had denied liability in his answer to Ms. Jones Worthington's complaint, and continued to deny liability up to the trial, at the time of trial Mr. Visser admitted that he was negligent in causing the collision.

15. After the jury verdict and upon motion, the Court in Case No. D-504-CV-2011-00633 awarded double costs to Ms. Jones Worthington after she obtained a judgment more favorable than the offer of settlement made prior to trial to Mr. Visser, pursuant to Rule 1-068 NMRA.

16. Upon motion, the Court in Case No. D-504-CV-2011-00633 awarded pre- and post-judgment interest to Ms. Jones Worthington on the jury's verdict.

**Facts leading up to trial and the filing of the present Complaint:**

17. After being transported by ambulance from the collision on May 7, 2011, in which she was extricated by emergency personnel from the vehicle, Ms. Jones Worthington was diagnosed within hours with body trauma and a fracture to her cervical spine, among other injuries.

18. Mr. Visser admitted in his deposition in the underlying case that he knew on the date of the collision that he was (a) driving while intoxicated, (b) he was the only cause of the collision, (c) there was no issue of comparative fault, and (d) Ms. Jones Worthington was injured, and (e) this was Mr. Visser's second instance of aggravated DUI.

19. Despite knowing of Plaintiff Jones Worthington's serious injuries, and the aggravated nature of the liability and conduct of Plaintiff Visser, and knowing Visser was exposed to actual damages in excess of policy limits and punitive damages, Defendant MGA took no efforts to effectuate a settlement of Visser's liability to Jones Worthington prior to the filing of a complaint by Jones Worthington against Visser.

20. Had Defendant MGA made a timely offer of settlement for the amount of available policy limits Ms. Jones Worthington would have accepted the same, and Mr. Visser would have been released from any further liability.

21. After no attempts to effectuate a settlement with Ms. Jones Worthington, she filed her complaint in Case No. D-504-CV-2011-00633, on August 19, 2011.

22. Mr. Visser's insurance company, Defendant MGA, hired counsel, Defendant Paul Grand, to represent and defend Mr. Visser in the suit against Ms. Jones Worthington.

23. In Mr. Visser's answer to Ms. Jones Worthington's complaint, dated October 14, 2011, which was signed by his counsel, Defendant Paul Grand, and based upon Mr. Grand's advice, Mr. Visser refused to admit he was intoxicated, refused to admit he caused the collision or that

4

Ms. Jones Worthington was injured, denied every material fact and allegation in the complaint, and asserted affirmative defenses, including comparative fault.

24. Mr. Visser, through his counsel (Paul Grand) and insurance company (MGA), engaged in denial of Jones Worthington's claims, refused to answer discovery, forced Ms. Jones Worthington to undergo two depositions, and otherwise forced Plaintiff to participate in aggressive discovery and litigation.

25. Initial offers from Defendant MGA were not made until years into the litigation.

26. Despite knowing of Plaintiff Jones Worthington's serious injuries, and the aggravated nature of the liability and conduct of Plaintiff Visser, and knowing of Visser's exposure for an award of actual damages and punitive damages in excess of liability limits, Defendant MGA took no efforts to effectuate a settlement of Visser's liability to Jones Worthington until January 24, 2013, over 20 months after the collision, at which time Mr. Visser's counsel and insurance company offered $25,000.

27. Over 22 months after the collision, Mr. Visser's counsel offered $35,000.

28. After forcing Ms. Jones Worthington to incur further delay and unnecessary costs, Mr. Visser made his one and only Rule 1-068 NMRA offer of settlement on June 21, 2013, which was rejected as being unreasonable and untimely.

29. On the eve of trial, in a letter dated January 17, 2014, postmarked January 30, 2014, and received on February 3, 2014, which was the first day of trial, the $25,000 was re-offered to Ms. Jones Worthington.

30. On February 5, 2015, the jury rendered its verdict in favor of Ms. Jones Worthington, awarding her damages totaling $760,000.00.

31. In exchange for a covenant not to execute judgment against Mr. Visser in Case No. D-504-CV-2011-00633, Mr. Visser executed a partial assignment to Amanda Jones Worthington of all claims and rights he has or could maintain against Defendant MGA and Defendant Grand, with Mr. Visser retaining a partial interest in all claims that he is entitled to bring against Defendants as set forth in the present Complaint.

32. Both Plaintiff Visser and Plaintiff Jones Worthington are represented by undersigned counsel for all claims set forth in the present Complaint.

33. In the underlying suit, Case No. D-504-CV-2011-00633, Defendant MGA had a duty to comply with all common law, contractual and statutory duties of an insurer in the handling of claims on behalf of Mr. Visser.

34. Defendant MGA's policy of insurance with Mr. Visser provided the statutorily permitted minimum liability coverage with bodily injury limits in the amount of $25,000 per person and $50,000 per occurrence.

35. Defendant MGA promised to fulfill all the common law, statutory, and contractual obligations and duties of a liability insurer in issuing the policy of liability coverage to Mr. Visser.

36. Defendant MGA agreed to provide defense counsel in the event that Mr. Visser was sued related to a covered accident, and that the defense counsel hired by MGA would represent the interests of Mr. Visser.

37. Following the accident of May 7, 2011, Defendant MGA quickly became aware of the accident facts, injuries sustained by Ms. Jones Worthington, and exposure of Mr. Visser to judgment in excess of the available liability limits based on the actual damages sustained by Jones Worthington, and his further exposure to punitive damages.

6

38. Mr. Visser's high level of exposure was based in part upon the extensive and permanent injuries suffered by Ms. Jones Worthington, clear liability of Mr. Visser, lack of comparative fault of Ms. Jones Worthington, and also by Mr. Visser's potential liability for punitive damages based upon information that he was intoxicated at the time of the accident.

39. Defendant MGA had a duty to timely investigate and evaluate the accident of May 7, 2011, and to assess the damages and liability exposure of its insured, Garren E. Visser.

40. Prior to the time that Amanda Jones Worthington retained counsel, Defendant MGA knew, or should have known, that the actual damages sustained by Ms. Jones Worthington likely exceeded the per person liability insurance coverage limits available to protect Mr. Visser.

41. Prior to the time that Ms. Jones Worthington retained counsel, Defendant MGA never tendered an offer of settlement for the available liability insurance policy limits.

42. Had Defendant MGA tendered an offer of settlement for the available liability insurance coverage limits prior to the time Ms. Jones Worthington retained counsel she would have accepted the same, and released Mr. Visser from any further liability.

43. Because Defendant MGA did not tender an offer of settlement for the available liability insurance limits, Ms. Jones Worthington was required to retain counsel, and then forced to file the lawsuit, Case No. D-504-CV-2011-00633, against Mr. Visser.

44. After Case No. D-504-CV-2011-00633 was filed, Defendant MGA retained Paul Grand to represent Mr. Visser.

45. Defendant Grand was to be paid by Defendant MGA, but was required to represent the best interests of Mr. Visser.

46. Defendant Grand agreed to represent Ms. Visser as his attorney, and agreed to represent in accordance with duties inherent in an attorney-client relationship, including the quality of representation and the duty of loyalty to the client.

47. During the course of representation Paul Grand failed to represent Mr. Visser in accordance with the New Mexico Rules of Professional Conduct governing attorney representation, including but not limited to Rule 16-100 NMRA.

48. During the course of representation of Mr. Visser, Defendant Grand committed professional negligence and malpractice, including breach of fiduciary duties, in failing to use the care that a reasonably prudent attorney would use in the representation of a client, such as Mr. Visser, considering all circumstances and the risk of damage to Mr. Visser if reasonable care was not used.

49. Defendant MGA failed to protect Defendant from the risk of exposure to an excess verdict by failing to timely and completely investigate the accident and damages sustained by Plaintiff, and by failing to timely tender an offer of available liability insurance coverage limits.

50. Defendant Grand failed to adequately represent Mr. Visser, failing to timely investigate and evaluate the claim, and failing to convey sufficient information to Defendant MGA to allow Defendant MGA to timely tender an offer of available liability insurance policy limits.

51. Because of the failures, malpractice, negligence, and/or breaches of common law duties, statutory duties, and contractual duties by Defendant MGA and Defendant Grand set forth above, Mr. Visser was subjected to a jury trial in which the jury rendered and the Court entered a verdict against him in the amount of $760,000.00 ($360,000 in actual damages and $400,000 in punitive damages), with pre-judgment interest on the actual damages in the amount of 10%, and post-judgment interest in the amount of 15%, plus costs in accordance with Rule 1-068 NMRA.

52. After entry of the judgment against Mr. Visser, Defendant MGA paid $25,000, plus costs, leaving Mr. Visser to bear the burden of the remainder of the judgment plus pre- and post-judgment interest.

53. Mr. Visser has and had limited financial resources, a fact of which was known to Defendants MGA and Grand following the accident of May 7, 2011.

54. At all times Mr. Visser relied on Defendants MGA and Grand to fulfill their common law, statutory, and contractual duties, and duties under the New Mexico Code of Professional Conduct.

55. Defendant MGA failed to hold the interests of Mr. Visser equal to its own, breached its contract with Mr. Visser, violated the New Mexico Unfair Trades Practice Act and the New Mexico Unfair Practices Act, and committed common law bad faith, resulting in damages to Mr. Visser.

56. Defendant MGA, inter alia, violated the Trade Practices and Frauds Act ("TPFA"), NMSA 1978, Sections 59A-16-1 through -30 (1984, as amended), including but not limited to NMSA 1978, Section 59A-16-20 (1997), subsections (B), (C), (D), and (E), resulting in damages to Plaintiff Jones Worthington.

57. Defendant Paul Grand committed professional negligence, misrepresentation, breach of his fiduciary duties, and professional malpractice in his representation of Mr. Visser of which Mr. Visser sustained damages.

## COUNT I
### Insurance Bad Faith
### (Defendant MGA)

58. Plaintiffs incorporate by reference each and every allegation contained in all preceding paragraphs, as though fully set forth herein.

9

59. The actions of Defendant MGA, as set forth above, constitute an unreasonable delay in payment of Mr. Visser's automotive liability coverage benefits.

60. Defendant MGA failed to act in good faith, and to honestly and fairly balance its own interests with the interests of its insured, Mr. Visser.

61. Defendant MGA's unreasonable delay was undertaken for reasons that were frivolous or unfounded.

62. Defendant MGA, as set forth herein, has breached its duty to act honestly and in good faith in the performance of its insurance contract with Mr. Visser by failing to timely investigate, evaluate and pay Ms. Amanda Jones Worthington's claims in Case No. D-504-CV-2011-00633.

63. Pursuant to the partial assignment of claims between Plaintiff Jones Worthington and Plaintiff Visser, referred to above, Plaintiff Jones Worthington has the right to jointly prosecute claims and causes of action and collect damages that may have accrued on behalf of Mr. Visser against Defendant MGA and Defendant Grand.

64. Defendant MGA's conduct, as set forth herein, has resulted in damages to Plaintiff Jones Worthington and Plaintiff Visser in an amount to proven at trial.

65. Defendant MGA's conduct, as set forth herein, was in reckless disregard for the interests of Plaintiff Visser, or was based on a dishonest judgment, or was otherwise malicious, willful or wanton, warranting an award of punitive damages.

## COUNT II
### Breach of the Implied Covenant of Good Faith and Fair Dealing
### (Defendant MGA)

66. Plaintiffs incorporate by reference each and every allegation contained in all preceding paragraphs, as though fully set forth herein.

67. In issuing an insurance policy to Mr. Visser, Defendant MGA had a duty to act in good faith and to treat its policyholder in a fair manner, and to act honestly, both in fact and in law in its dealings.

68. Defendant MGA did not timely investigate and evaluate the claims at issue in Case No. D-504-CV-2011-00633 on behalf of Mr. Visser, and did not treat Mr. Visser's interests equal to its own.

69. Throughout its handling of the claim against Mr. Visser MGA held its own interests as a priority over Visser's interests by not timely investigating, and by not making a timely offer of settlement.   By failing to hold Visser's interests equal to its own MGA caused Visser to be subjected to litigation and ultimately to a judgment far in excess of the available policy limits.

70. Pursuant to the partial assignment of claims between Plaintiff Jones Worthington and Plaintiff Visser, referred to above, Plaintiff Jones Worthington has the right to jointly prosecute claims and causes of action and collect damages that may have accrued on behalf of Mr. Visser against Defendant MGA and Defendant Grand.

71. In undertaking the wrongful acts described herein, Defendant MGA breached its duty of good faith and fair dealing, causing damages to Plaintiffs in an amount to be proven at trial, and warranting the imposition of punitive damages as established by the evidence and permitted by law.

## COUNT III
## Breach of Contract
## (Defendant MGA)

72. Plaintiffs incorporate by reference each and every allegation contained in all preceding paragraphs, as though fully set forth herein.

73. By issuing the policy to Mr. Visser, Defendant MGA entered into a contract with Mr. Visser.

74. Defendant MGA failed to perform and obscured its obligations under the express and implied provisions of the insurance contract.

75. By engaging in the conduct alleged herein, Defendant MGA breached its contractual obligations to Mr. Visser.

76. Defendant MGA knew or reasonably should have known of its obligation to contractually perform under the insurance coverage and of Mr. Visser's reasonable expectations regarding insurance coverage.

77. Pursuant to the partial assignment of claims between Plaintiff Jones Worthington and Plaintiff Visser, referred to above, Plaintiff Jones Worthington has the right to jointly prosecute claims and causes of action and collect damages that may have accrued on behalf of Mr. Visser against Defendant MGA and Defendant Grand.

78. Defendant's breach of its contractual obligations to Mr. Visser has damaged Plaintiffs in an amount to be proven at trial, and warranting the imposition of punitive damages as established by the evidence and permitted by law.

### COUNT IV
### Violation of the Trade Practices and Frauds Act and the Insurance Code
### (Defendant MGA)

79. Plaintiffs incorporate by reference each and every allegation contained in all preceding paragraphs, as though fully set forth herein.

80. There was in effect at all times material a state statute commonly known in the Insurance Code as the Trade Practices and Frauds Act ("TPFA"), NMSA 1978, Sections 59A-16-1 through

-30 (1984, as amended), including but not limited to NMSA 1978, Section 59A-16-20 (1997), subsections (B), (C), (D), and (E), which prohibits the following unfair claims practices:

B. failing to acknowledge and act reasonably promptly upon communication with respect to claims from insureds arising under policies;

C. failing to adopt and implement reasonable standards for the prompt investigation and processing of insured's claims arising under policies;

D. failing to affirm or deny coverage of claims of insureds within a reasonable time after proof of loss requirements under the policy have been completed and submitted by the insured;

E. not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear;

81. The actions of Defendant MGA constitute unfair insurance claims practices, knowingly committed or performed with such frequency as to indicate a general business practice prohibited by Section 59A-16-20, including but not limited to subsections (B), (C), (D), and (E).

82. Defendant MGA knowingly and willfully, or with such frequency as to indicate its general business practice in this State, engaged in unfair insurance claims practices prohibited by NMSA 1978, Section 59A-5-26(C)(2)(a & b) (1997), where Defendant:

(a) have without just cause failed to pay, or delayed payment of, claims arising under its policies, whether the claim is in favor of an insured or in favor of a third person with respect to the liability of an insured to such third person; or

(b) without just cause compels insureds or claimants to accept less than amount due them or to employ attorney or to bring suit against the insurer or such an insured to secure full payment or settlement of a claim.

83. Defendant MGA owed Plaintiff Visser a duty in handling and processing Plaintiff Jones Worthington's insurance claim made against Mr. Visser's insurance policy with MGA, to timely evaluate and investigate available coverage, and to provide the same in accordance with the policies and regulations of the Superintendent of Insurance and New Mexico law.

13

84.  Defendant MGA did not attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim made against Mr. Visser's policy with MGA, in which liability had become reasonably clear and that forced Ms. Jones Worthington to institute litigation in order receive the benefits of Mr. Visser's liability coverage.

85.  Defendant MGA knew shortly after the collision, as admitted by Mr. Visser in his deposition, that on the date of the collision Mr. Visser was (a) driving while intoxicated, (b) he was the only cause of the collision, (c) there was no issue of comparative fault, and (d) Ms. Jones Worthington was seriously injured, and (e) this was Mr. Visser's second instance of aggravated DUI.

86.  Defendant MGA promised to fulfill all the common law, statutory, and contractual obligations and duties of a liability insurer in issuing the policy of liability coverage to Mr. Visser.

87.  Defendant MGA agreed to provide defense counsel in the event that Mr. Visser was sued related to a covered accident, and that the defense counsel hired by MGA would represent the interests of Mr. Visser.

88.  Following the accident of May 7, 2011, Defendant MGA quickly became aware of the accident facts, injuries sustained by Ms. Jones Worthington, and exposure of Mr. Visser to judgment in excess of the available liability limits.

89.  Mr. Visser's high level of exposure was based in part upon the extensive injuries suffered by Ms. Jones Worthington, clear liability of Mr. Visser, lack of comparative fault of Ms. Jones Worthington, and also by Mr. Visser's potential liability for punitive damages based upon information that he was intoxicated at the time of the accident.

90. Defendant MGA failed to adequately and timely investigate coverage and damages, delayed payment on Ms. Jones Worthington's claims where liability was reasonably clear, and forced Ms. Jones Worthington to file suit in this matter that resulted in a judgment against Mr. Visser in the amount of $760,000.00, in which the court awarded Ms. Jones Worthington costs and pre- and post-judgment interest on the verdict.

91. Pursuant to the partial assignment of claims between Plaintiff Jones Worthington and Plaintiff Visser, referred to above, Plaintiff Jones Worthington has the right to jointly prosecute claims and causes of action and collect damages that may have accrued on behalf of Mr. Visser against Defendant MGA and Defendant Grand.

92. Defendant MGA's acts, omissions, policies and conduct in violating the New Mexico Trades Practices and Frauds Act, and the New Mexico Insurance Code, have damaged Plaintiffs in an amount to be proven at trial, warranting the imposition of punitive damages as established by the evidence and permitted by law.

## COUNT V
### Violation of the Unfair Trade Practices Act
### (Defendant MGA)

93. Plaintiffs incorporate by reference each and every allegation contained in all preceding paragraphs, as though fully set forth herein.

94. There was in effect at all times material a state statute commonly known as the New Mexico Unfair Practices Act ("UPA"), NMSA 1978, Sections 57-12-1 to -26 (1967, as amended), including but not limited to those subsections in Section 57-12-2(D)(5), (D)(7), (D)(14), (D)(15), (D)(17) and Section 57-12-2(E), which prohibits a person selling insurance from engaging in unfair or deceptive trade practices, which include:

> (5) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not

have or that a person has a sponsorship, approval, status, affiliation or connection that the person does not have;

. . . . . . . . . . . . . . . .

(7) representing that the goods or services are of a particular standard, quality or grade or that goods are of a particular style or model if they are of another;

. . . . . . . . . . . . . .

(14) using exaggeration, innuendo or ambiguity as to a material fact or failing to state a material fact if doing so deceives or tends to deceive;

. . . . . . . . . . . . . .

(15) stating that a transaction involves rights, remedies or obligations that it does not involve;

. . . . . . . . . . . . . .

(17) failure to deliver the quality or quantity of goods or services contracted for;

and

E. "unconscionable trade practice" means an act or practice in connection with the sale, lease, rental or loan, or in connection with the offering for sale, lease, rental or loan, of any goods or services, including services provided by licensed professionals, or in the extension of credit or in the collection of debts which to a person's detriment:

(1) takes advantage of the lack of knowledge, ability, experience or capacity of a person to a grossly unfair degree; or

(2) results in a gross disparity between the value received by a person and the price paid.

95. Defendant MGA misrepresented and failed to deliver the quality or quantity of services contracted for by failing to timely afford insurance benefits under the liability coverage of Mr. Visser's policy, in which he is a first-party insured.

96. Defendant MGA misrepresented the characteristics of the coverage and services available for purchase by representing it would provide insurance coverage and insurance services compliant with New Mexico law.

16

97.  Defendant MGA used ambiguity, exaggeration or innuendo as to material facts in the sale of coverage as to the terms and provisions of the policy during and after the sale, and failed to state material facts that in so doing tended to deceive.

98.  Defendant MGA's wrongful conduct as described above, including misleading and misrepresenting that Defendant would timely investigate and settle the claim, and the failure to timely and properly communicate and resolve the claim against Mr. Visser, which required him to go through a jury trial that resulted in a large judgment to be entered against him where liability was reasonably clear shortly after the collision at issue, constitutes both unfair and unconscionable practices as set forth in the UPA.

99.  Defendant MGA, acting through its agents, adjusters, employees, and others working on its behalf, as set forth above, knowingly and willfully engaged in unfair trade practices prohibited under Section 57-12-3, including but not limited to those subsections in Section 57-12-2(D)(5), (D)(7), (D)(14), (D)(15), (D)(17) and Section 57-12-2(E).

100. Pursuant to the partial assignment of claims between Plaintiff Jones Worthington and Plaintiff Visser, referred to above, Plaintiff Jones Worthington has the right to jointly prosecute claims and causes of action and collect damages that may have accrued on behalf of Mr. Visser against Defendant MGA and Defendant Grand.

101. Defendant MGA's practices as described herein have resulted in damages to Visser in an amount to be proven at trial.

### COUNT VI
### Violation of the Trade Practices and Frauds Act and the Insurance Code on behalf of Third-Party Beneficiary
### (Defendant MGA)

102. Plaintiffs incorporate by reference each and every allegation contained in all preceding paragraphs, as though fully set forth herein.

17

103. Pursuant to *Raskob v. Sanchez*, 1998-NMSC-045, 126 N.M. 394, 970 P.2d 580, *Martinez v. Reid*, 2002-NMSC-015, 132 N.M. 237, 46 P.3d 1237, and *Hovet v. Allstate Ins. Co.*, 2004-NMSC-010, 135 N.M. 397, 89 P.3d 69, Plaintiff Amanda Jones Worthington, as judgment creditor under a judgment pursuant to the New Mexico Mandatory Financial Responsibility Act, ("MFRA"), NMSA 1978, Sections 66-5-201 to -239 (as amended), and as otherwise provided by law, is a third-party beneficiary of the insurance benefits afforded by Mr. Visser's MGA policy.

104. There was in effect at all times material a state statute commonly known in the Insurance Code as the Trade Practices and Frauds Act ("TPFA"), NMSA 1978, Sections 59A-16-1 through -30 (1984, as amended), including but not limited to NMSA 1978, Section 59A-16-20 (1997), subsections (B), (C), and (E), which prohibits the following unfair claims practices:

> B. failing to acknowledge and act reasonably promptly upon communication with respect to claims from insureds arising under policies;

> C. failing to adopt and implement reasonable standards for the prompt investigation and processing of insured's claims arising under policies;

> E. not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear;

105. The actions of Defendant MGA constitute unfair insurance claims practices, knowingly committed or performed with such frequency as to indicate a general business practice prohibited by Section 59A-16-20, including but not limited to subsections (B), (C), and (E).

106. Defendant MGA knowingly and willfully, or with such frequency as to indicate its general business practice in this State, engaged in unfair insurance claims practices prohibited by NMSA 1978, Section 59A-5-26(C)(2)(a & b) (1997), where Defendant:

> (a) has without just cause failed to pay, or delayed payment of, claims arising under its policies, whether the claim is in favor of an insured or in favor of a third person with respect to the liability of an insured to such third person; or

18

(b) without just cause compels insureds or claimants to accept less than amount due them or to employ attorney or to bring suit against the insurer or such an insured to secure full payment or settlement of a claim.

107.     Defendant owed Plaintiff Jones Worthington a duty in handling and processing of her claim to timely evaluate and investigate available coverage, and to provide the same in accordance with the policies and regulations of the Superintendent of Insurance and New Mexico law.

108.     Defendant MGA did not attempt in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff Jones Worthington's claims in which liability had become reasonably clear and forced Plaintiff to institute litigation in order receive the benefits of coverage to which Plaintiff was entitled.

109.     Shortly after the accident occurred Defendant MGA had sufficient information to know, or by diligent investigation should have known, that Plaintiff Jones Worthington's actual damages arising from the accident were likely to exceed the liability insurance limits available to protect Plaintiff Visser, Mr. Visser was intoxicated at the time of the collision, and liability was reasonably clear.

110.     Defendant MGA had sufficient information to know, or by diligent investigation should have known, that Plaintiff Visser was exposed to an award of punitive damages far in excess of the liability insurance limits available to protect Plaintiff Visser.

111.     Upon information and belief Defendant MGA had no good faith basis and no just cause for failing to promptly and timely tender an offer of available liability policy limits to Plaintiff Jones Worthington.

112.     Upon information and belief Defendant MGA had no good faith basis and no just cause for forcing Plaintiff Jones Worthington to institute litigation against Plaintiff Visser before

it would investigate and evaluate the claim, and before it would tender an offer of available policy limits.

113.     Defendant MGA's acts, omissions, policies and conduct in violating the New Mexico Trades Practices and Frauds Act, and the New Mexico Insurance Code, has damaged Plaintiff Jones Worthington in an amount to be proven at trial, and also as reflected in the judgment entered on March 21, 2014, in Case No. D-504-CV-2011-00633, in the amount of $760,000.00, in which pre- and post-judgment interest was awarded.

114. Defendant MGA's conduct, as set forth herein, was in reckless disregard for the interests of Plaintiff Jones Worthington, or was based on a dishonest judgment, or was otherwise malicious, willful or wanton, warranting an award of punitive damages.

## COUNT VII
### Legal Malpractice
### (Defendant Paul Grand)

115. Plaintiffs incorporate by reference each and every allegation contained in all preceding paragraphs, as though fully set forth herein.

116. Defendant MGA employed defense attorney, Defendant Paul Grand, to handle the claim on behalf of its insured, Mr. Visser.

117. An attorney-client relationship existed between Defendant Grand and Mr. Visser.

118. Defendant Grand failed to use the same degree of care, knowledge, and diligence ordinarily used by a reasonable attorney under similar circumstances.

119. Defendant Grand, as Mr. Visser's counsel, breached his duty to exercise the same degree of care, knowledge, and diligence ordinarily used by a reasonable attorney under similar circumstances which resulted in and was a cause of damages to Mr. Visser.

120. Defendant Grand put the interests of the insurer, Defendant MGA, ahead of his client, Mr. Visser, in failing to timely investigate, assess and request authority to pay the policy limits under the MGA policy.

121. Defendant Grand knew upon taking the case that Mr. Visser was driving intoxicated at the time of the collision, and therefore subject to punitive damages, was solely liable for causing the collision, and that Ms. Jones Worthington suffered and was being treated for serious injuries.

122. Defendant Grand was dilatory and caused delay in handling the case after suit was filed, which included unnecessary continuances, requiring Ms. Jones Worthington to attend two depositions, and forcing counsel to file motions to compel to obtain routine answers and information in discovery.

123. Defendant Grand breached the duty of loyalty by putting his own interests, or the interests of Defendant MGA, before those of his client, Mr. Visser.

124. Mr. Visser sustained damages, including a judgment against him, as a result of Defendant Grand's negligent conduct, actions and omissions.

125. Pursuant to the partial assignment of claims between Plaintiff Jones Worthington and Plaintiff Visser, referred to above, Plaintiff Jones Worthington has the right to jointly prosecute claims and causes of action and collect damages that may have accrued on behalf of Mr. Visser against Defendant MGA and Defendant Grand.

126. Defendant Grand's conduct, as set forth herein, was in reckless disregard for the interests of Plaintiff Jones Worthington and Visser, or was based on a dishonest judgment, or was otherwise malicious, willful or wanton, warranting an award of punitive damages.

127. Plaintiffs Jones Worthington and Visser seek damages in an amount to be proven at trial.

## COUNT VIII
## Breach of Fiduciary Duty

**(Defendant Grand)**

128. Plaintiffs incorporate by reference each and every allegation contained in all preceding paragraphs, as though fully set forth herein.

129. Defendant MGA employed defense attorney, Defendant Paul Grand, to handle the claim on behalf of its insured, Mr. Visser.

130. An attorney-client relationship existed between Defendant Grand and Mr. Visser.

131. Defendant Grand owed Mr. Visser fiduciary duties of honesty, diligence, care, competency, and undivided loyalty.

132. Defendant Grand breached his fiduciary duties by failing to properly handle Mr. Visser's case and failing to properly communicate with the client, with Defendant MGA, and others about Mr. Visser's case and in failing to otherwise handle Mr. Visser's case in a manner consistent with his fiduciary obligations.

133. As a result of Defendant Grand's breach of his fiduciary duties, a judgment was entered against Plaintiff Visser in Case No. D-504-CV-2011-00633, and caused Plaintiff Visser to suffer other damages in an amount to be proven at trial.

134. Pursuant to the partial assignment of claims between Plaintiff Jones Worthington and Plaintiff Visser, referred to above, Plaintiff Jones Worthington has the right to jointly prosecute claims and causes of action and collect all damages that may have accrued on behalf of Mr. Visser against Defendant MGA and Defendant Grand.

135. Defendant Grand's conduct, as set forth herein, was in reckless disregard for the interests of Plaintiff Jones Worthington and Visser, or was based on a dishonest judgment, or was otherwise malicious, willful or wanton, warranting an award of punitive damages.

136. Plaintiffs Jones Worthington and Visser seek damages in an amount to be proven at trial.

WHEREFORE, as to Counts I, II, III, IV, V, VII, and VIII, Plaintiffs pray for judgment as follows:

      A.      Awarding compensatory damages to Plaintiffs for the damages done to them by Defendants in an amount to be proven at trial;

      B.      Awarding punitive damages to Plaintiffs in an amount sufficient to punish Defendants for their reckless, willful, and wanton conduct, and to deter it, and others similarly situated, from such conduct in the future in an amount to be proven at trial;

      C.      Awarding Plaintiffs damages from Defendants as a result of their violations of Article 16 of the New Mexico Insurance Code, in an amount to be determined at trial;

      D.      Awarding treble damages in accordance with NMSA 1978, Section 57-12-10(B) (2005), and any and all damages permitted pursuant to NMSA 1978, Sections 57-12-1 to -26 (1967, as amended), which will deter Defendants and others from such unfair practices and wrongful conduct in the future and will punish them for the conduct set forth in this Complaint;

      E.      Awarding pre- and post-judgment interest;

      F.      Awarding Plaintiffs' costs and expenses, including attorneys' fees;

      G.      Granting such other and further relief as the Court deems just and proper.

WHEREFORE, as to Count VI, Plaintiff Amanda Jones Worthington prays for judgment against Defendant MGA as follows:

      A.      Award Plaintiff Amanda Jones Worthington the full amount of the judgment entered against Garren Visser in Case No. D-504-CV-2011-00633, including pre- and post-judgment interest on the award as entered by the Court;

B.      Award Plaintiff Amanda Jones Worthington damages from Defendant MGA as a result of its violations of Article 16 of the New Mexico Insurance Code and the Trade Practices and Frauds Act in an amount to be determined at trial, including punitive damages;

C.      Award Plaintiffs the costs and expenses of this action, including attorneys' fees;

D.      Award pre- and post-judgment interest; and

E.      Granting such other and further relief as the Court deems just and proper.

Respectfully Submitted,

LAW OFFICES OF GEOFFREY R. ROMERO

/s/ Geoffrey R. Romero
Geoffrey R. Romero
4801 All Saints Road NE
Albuquerque, NM 87120
Phone: (505) 247-3338
Fax: (505) 271-1539
Geoff_26_@hotmail.com

and

Erin B. O'Connell
O'CONNELL LAW LLC
4801 All Saints Rd. NW
Albuquerque, NM 87120
Phone: (505) 792-3746
Fax: (505) 273-3115
erin@ebolaw.com

and

Randy K. Clark
Randy K. Clark P.C.
P.O. Box 576
Las Cruces, NM 88004-0576
Phone: (575) 526-8800
randy@randyclarklaw.com

FILED IN MY OFFICE
DISTRICT COURT CLERK
3/17/2017 2:57:43 PM
STEPHEN T. PACHECO
Jorge Montes

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

AMANDA JONES WORTHINGTON
and GARREN VISSER,

        Plaintiffs,                    Case assigned to Mathew, Francis J.

v.                             No. <u>D-101-CV-2017-00744</u>

MGA INSURANCE COMPANY, INC., d/b/a GAINSCO, and
LAW OFFICES OF PAUL S. GRAND, P.A., and PAUL S. GRAND,

        Defendants.

## <u>JURY DEMAND</u>

    **COME NOW** Plaintiffs Amanda Jones Worthington and Garren Visser by and through their attorneys of record, Law Office of Geoffrey R. Romero and O'Connell Law and Randy K. Clark and demand a trial by jury of twelve and the jury fee in the amount of $300.00 is tendered herewith.

                        Respectfully submitted,

                        **LAW OFFICES OF GEOFFREY R. ROMERO**

                        <u>/s/ Geoffrey R. Romero, Attorney at Law</u>
                        Geoffrey R. Romero
                        4801 All Saints Road NE
                        Albuquerque, NM 87120
                        Phone: (505) 247-3338
                        Fax: (505) 271-1539
                        Geoff_26_@hotmail.com

                        and

                        Erin B. O'Connell
                        O'CONNELL LAW LLC
                        4801 All Saints Rd. NW
                        Albuquerque, NM 87120
                        Phone:  (505) 792-3746
                        Fax: (505) 273-3115
                        erin@ebolaw.com

and

Randy K. Clark
Randy K. Clark P.C.
P.O. Box 576
Las Cruces, NM 88004-0576
Phone:  (575) 526-8800
randy@randyclarklaw.com

FILED IN MY OFFICE
DISTRICT COURT CLERK
3/24/2017 10:18:33 AM
STEPHEN T. PACHECO
Angelica Gonzalez

**4-206. Summons.**

| SUMMONS | |
|---|---|
| District Court: FIRST JUDICIAL<br>Santa Fe County, New Mexico<br>Court Address:<br>Post Office Box 2268 / 100 S. Catron<br>Santa Fe, New Mexico   87504 / 87501<br>Court Telephone No.: 505-455-8250 | Case Number: D-101-CV-2017-00744<br>Assigned Judge: Honorable Francis J.<br>Mathew |
| Plaintiffs:<br>AMANDA JONES WORTHINGTON<br>and GARREN VISSER<br>v. | Defendant Name:<br>Paul S. Grand<br>460 ST. MICHAELS DR 802, SANTA FE,<br>NM, 87505 USA |

## TO THE ABOVE NAMED DEFENDANT(S):  Take notice that

1.      A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

2.      You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA)  The Court=s address is listed above.

3.      You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.      If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.      You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

6.      If you need an interpreter, you must ask for one in writing.

7.      You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at _____Santa Fe_____, New Mexico, this 24th day of ___March___, 2017 .

STEPHEN T. PACHECO
CLERK OF DISTRICT COURT
By: *Angelica Gonzalez*
Deputy

/s/ *Geoffrey R. Romero,* Attorney at Law
Signature of Attorney for Plaintiff/Pro Se Party
Name:           Geoffrey R. Romero
Address:        4801 All Saints Road NW
                    Albuquerque, NM  87120
Telephone No.:  505-247-3338
Fax No.:        505-271-1539
Email Address:  geoff_26_@hotmail.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**

STATE OF NEW MEXICO  )
                     )ss
COUNTY OF _____  )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, Jury Demand with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]      to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]      to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, Jury Demand with a copy of complaint attached, in the following manner:

[ ]      to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons, Jury Demand and complaint.

[ ]      to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]      to _____, an agent authorized to receive service of process for defendant _____.

[ ]      to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]    to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service
_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____[2]

_____
Judge, notary or other officer
authorized to administer oaths
_____
Official title

USE NOTE

    1.    Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

    2.    If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

FILED IN MY OFFICE
DISTRICT COURT CLERK
3/24/2017 10:18:33 AM
STEPHEN T. PACHECO
Angelica Gonzalez

**4-206. Summons.**

| SUMMONS | |
|---|---|
| District Court: FIRST JUDICIAL<br>Santa Fe County, New Mexico<br>Court Address:<br>Post Office Box 2268 / 100 S. Catron<br>Santa Fe, New Mexico  87504 / 87501<br>Court Telephone No.: 505-455-8250 | Case Number:  D-101-CV-2017-00744<br>Assigned Judge: Honorable Francis J.<br>Mathew |
| Plaintiffs:<br>AMANDA JONES WORTHINGTON<br>and GARREN VISSER<br>v. | Defendant Name:<br>MGA   INSURANCE   COMPANY,<br>INC. d/b/a GAINSCO<br>Attn:  Office of the Superintendent of<br>Insurance<br>1120 Paseo De Peralta Rm 430<br>Santa Fe, NM 87504 |

## TO THE ABOVE NAMED DEFENDANT(S):  Take notice that

1.      A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

2.      You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA)  The Court=s address is listed above.

3.       You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.      If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.      You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

6.      If you need an interpreter, you must ask for one in writing.

7.      You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at _____Santa Fe_____, New Mexico, this 24th day of __March____, 2017_.

STEPHEN T. PACHECO
CLERK OF DISTRICT COURT
By: *Angelica Gonzalez*
Deputy

/s/ *Geoffrey R. Romero,* Attorney at Law
Signature of Attorney for Plaintiff/Pro Se Party
Name:        Geoffrey R. Romero
Address:     4801 All Saints Road NW
                    Albuquerque, NM  87120
Telephone No.:  505-247-3338
Fax No.:         505-271-1539
Email Address:  geoff_26_@hotmail.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

# RETURN

STATE OF NEW MEXICO  )
                            )ss
COUNTY OF _____  )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, Jury Demand with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]    to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]    to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, Jury Demand with a copy of complaint attached, in the following manner:

[ ]    to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons, Jury Demand and complaint.

[ ]    to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]    to _____, an agent authorized to receive service of process for defendant _____.

[ ]    to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]    to _____ (*name of person*), _____, (*title of person authorized to receive service.  Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service
_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____ [2]

_____
Judge, notary or other officer
authorized to administer oaths
_____
Official title

## USE NOTE

    1.    Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

    2.    If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

FILED IN MY OFFICE
DISTRICT COURT CLERK
3/24/2017 10:18:33 AM
STEPHEN T. PACHECO
Angelica Gonzalez

4-206. Summons.

| SUMMONS | |
|---|---|
| District Court: FIRST JUDICIAL<br>Santa Fe County, New Mexico<br>Court Address:<br>Post Office Box 2268 / 100 S. Catron<br>Santa Fe, New Mexico   87504 / 87501<br>Court Telephone No.: 505-455-8250 | Case Number: D-101-CV-2017-00744<br><br>Assigned Judge: Honorable Francis J.<br>Mathew |
| Plaintiffs:<br>AMANDA JONES WORTHINGTON<br>and GARREN VISSER<br>v. | Defendant<br>Name:  Law offices of Paul S. Grand<br>c/o Registered Agent Paul S. Grand<br>460 ST. MICHAELS DR 802, SANTA FE,<br>NM, 87505 USA |

### TO THE ABOVE NAMED DEFENDANT(S):  Take notice that

**1.** A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

**2.** You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA)  The Court's address is listed above.

**3.** You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.** If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5.** You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.** If you need an interpreter, you must ask for one in writing.

**7.** You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at _____Santa Fe_____, New Mexico, this 24th day of ___March___, 2017 .

STEPHEN T. PACHECO
CLERK OF DISTRICT COURT

By: *Angelica Gonzalez*
Deputy



/s/ *Geoffrey R. Romero,* Attorney at Law
Signature of Attorney for Plaintiff/Pro Se Party
Name:            Geoffrey R. Romero
Address:         4801 All Saints Road NW
                 Albuquerque, NM  87120
Telephone No.:   505-247-3338
Fax No.:         505-271-1539
Email Address:   geoff_26_@hotmail.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**

STATE OF NEW MEXICO  )
                             )ss
COUNTY OF _____   )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, Jury Demand with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]      to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]      to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, Jury Demand with a copy of complaint attached, in the following manner:

[ ]      to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons, Jury Demand and complaint.

[ ]      to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]      to _____, an agent authorized to receive service of process for defendant _____.

[ ]      to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]      to _____ (*name of person*), _____, (*title of person authorized to receive service.  Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service
_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____[2]

_____
Judge, notary or other officer
authorized to administer oaths
_____
Official title

## USE NOTE

     1.     Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

     2.     If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

FILED IN MY OFFICE
DISTRICT COURT CLERK
4/4/2017 9:23:27 AM
STEPHEN T. PACHECO
Angelica Gonzalez

FILED IN MY OFFICE
DISTRICT COURT CLERK
3/24/2017 10:18:33 AM
STEPHEN T. PACHECO
Angelica Gonzalez

**4-206. Summons.**

| SUMMONS | |
|---|---|
| District Court: FIRST JUDICIAL | Case Number: D-101-CV-2017-00744 |
| Santa Fe County, New Mexico | |
| Court Address: | Assigned Judge: Honorable Francis J. |
| Post Office Box 2268 / 100 S. Catron | Mathew |
| Santa Fe, New Mexico  87504 / 87501 | |
| Court Telephone No.: 505-455-8250 | |
| Plaintiffs: | Defendant |
| AMANDA JONES WORTHINGTON | Name:  Law offices of Paul S. Grand |
| and GARREN VISSER | c/o Registered Agent Paul S. Grand |
| v. | 460 ST. MICHAELS DR 802, SANTA FE, NM, 87505 USA |

## TO THE ABOVE NAMED DEFENDANT(S): Take notice that

**1.** A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

**2.** You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

**3.** You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.** If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5.** You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.** If you need an interpreter, you must ask for one in writing.

**7.** You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at _____ Santa Fe _____, New Mexico, this 24th day of __March__, 2017 .

STEPHEN T. PACHECO
CLERK OF DISTRICT COURT

By: *Angelica Gonzalez*
Deputy

/s/ *Geoffrey R. Romero,* Attorney at Law
Signature of Attorney for Plaintiff/Pro Se Party
Name:            Geoffrey R. Romero
Address:         4801 All Saints Road NW
                 Albuquerque, NM 87120
Telephone No.:   505-247-3338
Fax No.:         505-271-1539
Email Address:   geoff_26_@hotmail.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**

STATE OF NEW MEXICO )
                                         )ss
COUNTY OF Bernalillo )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in Santa Fe county on the 28th day of March, 2017, by delivering a copy of this summons, Jury Demand with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]    to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]    to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, Jury Demand with a copy of complaint attached, in the following manner:

[ ]    to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons, Jury Demand and complaint.

[ ]    to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[✓]    to Paul S. Grand an agent authorized to receive service of process for defendant Law Offices of Paul S. Grand

[ ]    to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]     to _____ (name of person), _____, (title
of person authorized to receive service. Use this alternative when the defendant is a corporation or
an association subject to a suit under a common name, a land grant board of trustees, the State of
New Mexico or any political subdivision).

Fees: _____

*Andrew J Sanchez*
Signature of person making service
*Process Server*
Title (if any)

Subscribed and sworn to before me this *29* day of *March*, *2017*

Judge, notary or other officer
authorized to administer oaths
*Notary Public*
Official title

Official Seal
**Jennifer A Lindstrom**
Notary Public - State Of New Mexico
My Commission Expires: *11/1/20*

### USE NOTE

1.    Unless otherwise ordered by the court, this return is not to be filed with the court prior
to service of the summons and complaint on the defendant.

2.    If service is made by the sheriff or a deputy sheriff of a New Mexico county, the
signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective
March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court
Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

FILED IN MY OFFICE
DISTRICT COURT CLERK
4/4/2017 9:23:27 AM
STEPHEN T. PACHECO
Angelica Gonzalez

FILED IN MY OFFICE
DISTRICT COURT CLERK
3/24/2017 10:18:33 AM
STEPHEN T. PACHECO
Angelica Gonzalez

**4-206. Summons.**

| SUMMONS | |
|---|---|
| District Court: FIRST JUDICIAL<br>Santa Fe County, New Mexico<br>Court Address:<br>Post Office Box 2268 / 100 S. Catron<br>Santa Fe, New Mexico  87504 / 87501<br>Court Telephone No.: 505-455-8250 | Case Number: D-101-CV-2017-00744<br>Assigned Judge: Honorable Francis J.<br>Mathew |
| Plaintiffs:<br>AMANDA JONES WORTHINGTON<br>and GARREN VISSER<br>v. | Defendant Name:<br>Paul S. Grand<br>460 ST. MICHAELS DR 802, SANTA FE,<br>NM, 87505 USA |

### TO THE ABOVE NAMED DEFENDANT(S): Take notice that

1.     A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2.     You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court=s address is listed above.

3.     You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.     If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.     You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.     If you need an interpreter, you must ask for one in writing.

7.     You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at _____ Santa Fe _____, New Mexico, this 24th day of ___ March ___, 2017 .

STEPHEN T. PACHECO
CLERK OF DISTRICT COURT
By: *Angelica Gonzalez*
Deputy

/s/ *Geoffrey R. Romero,* Attorney at Law
Signature of Attorney for Plaintiff/Pro Se Party

| | |
|---|---|
| Name: | Geoffrey R. Romero |
| Address: | 4801 All Saints Road NW |
| | Albuquerque, NM  87120 |
| Telephone No.: | 505-247-3338 |
| Fax No.: | 505-271-1539 |
| Email Address: | geoff_26_@hotmail.com |

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**

STATE OF NEW MEXICO )
                    )ss
COUNTY OF Bernalillo )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in Santa Fe county on the 28th day of March , 2017, by delivering a copy of this summons, Jury Demand with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[✓]    to the defendant Paul S. Grand (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]    to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, Jury Demand with a copy of complaint attached, in the following manner:

[ ]    to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons, Jury Demand and complaint.

[ ]    to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]    to _____, an agent authorized to receive service of process for defendant _____.

[ ]    to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]     to _____ *(name of person)*, _____, *(title*
*of person authorized to receive service. Use this alternative when the defendant is a corporation or*
*an association subject to a suit under a common name, a land grant board of trustees, the State of*
*New Mexico or any political subdivision).*

Fees: _____

*Andrew J. Sanchez*
Signature of person making service
*Process Server*
Title (*if any*)

Subscribed and sworn to before me this 29 day of *March* , 2017

Judge, notary or other officer
authorized to administer oaths
*Notary Public*
Official title

> **Official Seal**
> **Jennifer A Lindstrom**
> Notary Public - State Of New Mexico
> My Commission Expires: 11/1/20

USE NOTE

1.      Unless otherwise ordered by the court, this return is not to be filed with the court prior
to service of the summons and complaint on the defendant.
2.      If service is made by the sheriff or a deputy sheriff of a New Mexico county, the
signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective
March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court
Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

FILED IN MY OFFICE
DISTRICT COURT CLERK
4/4/2017 9:23:27 AM
STEPHEN T. PACHECO
Angelica Gonzalez

FILED IN MY OFFICE
DISTRICT COURT CLERK
3/24/2017 10:18:33 AM
STEPHEN T. PACHECO
Angelica Gonzalez

**4-206. Summons.**

| SUMMONS | |
|---|---|
| District Court: FIRST JUDICIAL<br>Santa Fe County, New Mexico<br>Court Address:<br>Post Office Box 2268 / 100 S. Catron<br>Santa Fe, New Mexico 87504 / 87501<br>Court Telephone No.: 505-455-8250 | Case Number: D-101-CV-2017-00744<br>Assigned Judge: Honorable Francis J. Mathew |
| Plaintiffs:<br>AMANDA JONES WORTHINGTON<br>and GARREN VISSER<br>v. | Defendant Name:<br>MGA INSURANCE COMPANY, INC. d/b/a GAINSCO<br>Attn: Office of the Superintendent of Insurance<br>1120 Paseo De Peralta Rm 430<br>Santa Fe, NM 87504 |

### TO THE ABOVE NAMED DEFENDANT(S): Take notice that

**1.** A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

**2.** You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court=s address is listed above.

**3.** You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.** If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5.** You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.** If you need an interpreter, you must ask for one in writing.

**7.** You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at _____Santa Fe_____, New Mexico, this 24th day of __March__, 2017.

STEPHEN T. PACHECO
CLERK OF DISTRICT COURT
By: *Angelica Gonzalez*
Deputy

*/s/ Geoffrey R. Romero*, Attorney at Law

Signature of Attorney for Plaintiff/Pro Se Party

| | |
|---|---|
| Name: | Geoffrey R. Romero |
| Address: | 4801 All Saints Road NW |
| | Albuquerque, NM 87120 |
| Telephone No.: | 505-247-3338 |
| Fax No.: | 505-271-1539 |
| Email Address: | geoff_26_@hotmail.com |

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**

STATE OF NEW MEXICO )
                     )ss
COUNTY OF Bernalillo )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in ____Santa Fe____ county on the __28th__ day of ____March____, 2017, by delivering a copy of this summons, Jury Demand with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]   to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]   to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, Jury Demand with a copy of complaint attached, in the following manner:

[ ]   to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____ (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons, Jury Demand and complaint.

[ ]   to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[✓]   to __Margaret Herrera__, an agent authorized to receive service of process for defendant __MGA Insurance Company Inc.__

[ ]   to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]  to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_Andrew J Sanchez_
Signature of person making service
_Process Server_
Title (*if any*)

Subscribed and sworn to before me this _29_ day of _March_, _2017_

_Jennifer Lindstrom_
(judge, notary or other officer
authorized to administer oaths
_Notary Public_
Official title

Official Seal
**Jennifer A Lindstrom**
Notary Public - State Of New Mexico
My Commission Expires: _9/1/20_
USE NOTE

1.   Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.
2.   If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

FILED IN MY OFFICE
DISTRICT COURT CLERK
4/18/2017 4:29:42 PM
STEPHEN T. PACHECO
Maureen Naranjo

# STATE OF NEW MEXICO
# OFFICE OF THE SUPERINTENDENT OF INSURANCE

## CERTIFICATE

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

D-101-CV-2017-00744

AMANDA JONES WORTHINGTON and GARREN VISSER,
    Plaintiffs,

vs.

MGA INSURANCE COMPANY, INC., d/b/a GAINSCO,
    Defendants

### ACCEPTANCE OF SERVICE

I, John G. Franchini, Superintendent of Insurance of the State of New Mexico, do hereby certify that a copy of a Summons; Complaint for Insurance Bad Faith, for Breach of the New Mexico Insurance Code, Breach of the Unfair Trade Practices Act, Breach of the Trade Practices and Frauds Act, Breach of Contractual Duties, Legal Malpractice, and for Breach of Fiduciary Duty; and Jury Demand to Defendant MGA Insurance Company, Inc., d/b/a Gainsco was sent to Defendant MGA INSURANCE COMPANY INC., D/B/A GAINSCO on March 28, 2017 as provided in Section 59A-5-31 and 59A-5-32 NMSA 1978, and was received by said company on April 3, 2017 as shown by return receipt by Postmaster.

In

hereunto set my official seal
on this 4th day of April, 2017

Superintendent of Insurance