# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

AMANDA JONES WORTHINGTON
and GARREN VISSER,

    Plaintiffs,

v.

MGA INSURANCE COMPANY, INC.,
d/b/a GAINSCO and LAW OFFICES
PAUL S. GRAND, P.A., and PAUL S.
GRAND,

    Defendants.

No. 2:17-cv-00498-PJK-GBW

## ORDER GRANTING MOTION TO REMAND

THIS MATTER comes on for consideration of Plaintiffs' Motion for Remand filed May 25, 2017.  Doc. 11.  Despite the absence of complete diversity between the parties, this case was removed to federal court on the basis of fraudulent joinder, and Plaintiffs now seek a remand to state court.  28 U.S.C. § 1447(c).  Upon consideration thereof, the motion to remand is well taken and should be granted.

## Background

On March 17, 2017, Plaintiffs Amanda Jones Worthington and Garren Visser filed a state-court complaint against MGA Insurance ("MGA") and the Law Offices of Paul S.

Grand, P.A. and Paul S. Grand (collectively "Grand Defendants"). Doc. 1-1. Defendant MGA removed the action to this court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. Doc. 1 at 1. Plaintiffs Worthington and Visser are residents and citizens of Chaves County, New Mexico. Doc. 1 at 2. Defendant MGA is a citizen of Texas, where it is incorporated and where it has its principal place of business. Id. Defendant Paul S. Grand, P.A. has its principal place of business in Santa Fe, and Paul S. Grand is a resident and citizen of Santa Fe, New Mexico. Id. at 3. Essentially, the present dispute centers on the Grand Defendants, for if either is a proper party, diversity jurisdiction does not exist.

According to the complaint, Plaintiffs Worthington and Visser were involved in an auto accident in May 2011, when Mr. Visser struck the rear of the vehicle in which Ms. Worthington was riding. See Doc. 1-1 at 3. Ms. Worthington was severely injured and sued Mr. Visser for damages. Mr. Visser had insurance coverage through MGA with policy limits of $25,000 per person and $50,000 per occurrence. MGA hired Mr. Grand to represent Mr. Visser. After a jury trial in New Mexico state court, Mr. Visser was found liable for $360,000 in compensatory damages and $400,000 in punitive damages. Id. The court affirmed the jury's verdict. Id. Ms. Worthington was awarded double costs because she obtained a judgment more favorable than Mr. Visser's pre-trial settlement offer. Id. The state court also awarded Ms. Worthington pre- and post-judgment interest on the jury's verdict. Id.

Following the entry of judgment, MGA paid $25,000 — Mr. Visser's policy limit

— plus costs to Ms. Worthington. Id. at 6, 9. In exchange for a covenant not to execute judgment against him, Mr. Visser executed a partial assignment to Ms. Worthington of any claims he had against MGA and the Grand Defendants. Ms. Worthington and Mr. Visser then sued MGA and the Grand Defendants. Against MGA, they alleged six separate counts: (1) insurance bad faith, (2) breach of the implied covenant of good faith and fair dealing, (3) breach of contract, (4) violation of the New Mexico Trade Practices and Frauds Act and the Insurance Code, (5) violation of the New Mexico Unfair Trade Practices Act, and (6) violation of the New Mexico Trade Practices and Frauds Act and the Insurance Code on behalf of a third-party beneficiary. Id. at 9–20. They alleged two counts against the Grand Defendants: (1) legal malpractice and (2) breach of fiduciary duty. Id. at 20–22.

MGA removed the case to federal court on April 27, 2017, under the theory that the non-diverse parties —the Grand Defendants — were fraudulently joined to defeat diversity jurisdiction. See Doc. 1 at 3–4.

## Discussion

To invoke this court's diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." Symes v. Harris, 472 F.3d 754, 758 (10th Cir. 2006). MGA does not dispute that the Grand Defendants are citizens of New Mexico (and that diversity jurisdiction would thus normally not exist), but instead contends that the Grand

Defendants were fraudulently joined and should be ignored for the purposes of assessing diversity jurisdiction.

"To establish [fraudulent] joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Dutcher v. Matheson, 733 F.3d 980, 988 (10th Cir. 2013) (alteration in original) (citation omitted). "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." Id. (citation omitted).

MGA contends that Plaintiffs' claims for legal malpractice and breach of fiduciary duty against the Grand Defendants must fail as a matter of law. This is because: (1) Mr. Grand had no independent duty to Ms. Worthington, who was a third party; (2) Ms. Worthington cannot be assigned Mr. Visser's claims as a matter of public policy; (3) Mr. Grand never had any duty "to timely investigate, assess and effect settlement" on behalf of his client Mr. Visser; and (4) Mr. Visser has suffered no harm from any breach of duty because he received a covenant not to execute judgment against him, and because MGA paid the policy limit and courts costs. Doc. 23 at 10–15.

MGA acknowledges that New Mexico "has no clear decision" prohibiting the assignment of legal malpractice claims. Id. at 11. But it is clear that New Mexico courts have upheld an assignment of any proceeds recovered from a legal malpractice claim. See First Nat'l Bank of Clovis v. Diane, Inc., 698 P.2d 5, 14 (N.M. Ct. App. 1985). And,

- 4 -

as Plaintiffs point out, because Mr. Visser's assignment of his legal malpractice claim was only partial, it seems that he would still be a real party in interest even if the assignment of the actual claim to Ms. Worthington was held invalid.  See Doc. 27 at 5.

As for the merits of the claim itself, Plaintiffs contend that Mr. Visser has been harmed in the form of a $760,000 court judgment against him as a result of Mr. Grand's legal malpractice and breach of fiduciary duty.  Whether there was breach of a duty and whether that breach caused Mr. Visser's injuries involve questions of fact and law.  But merely because Ms. Worthington has agreed not to execute judgment against Mr. Visser in exchange for a partial assignment of his claims (against MGA and the Grand Defendants) does not eliminate the alleged harm.  As the New Mexico Court of Appeals explained in the related context of assigning a bad faith cause of action against an insurer to a third party, to accept MGA's contention would mean that "upon the release of liability, there would be no actual damages."  Dydek v. Dydek, 288 P.3d 872, 886 (N.M. Ct. App. 2012).  This, the court said, "would lead to absurd results."  Id.

MGA also contends that Plaintiffs' allegations against the Grand Defendants are conclusory and fail to plead with particularity any facts that could establish a plausible claim for relief.  Doc. 23 at 12–14.  But in their complaint, Plaintiffs alleged that Mr. Grand and MGA together refused to timely answer discovery requests and that Mr. Grand "fail[ed] to timely investigate and evaluate the claim, and fail[ed] to convey sufficient information to Defendant MGA to allow Defendant MGA to timely tender an offer of available liability insurance policy limits."  Doc. 1-1 at 8.  Plaintiffs also alleged that Mr.

Grand knew early on in his representation that Mr. Visser was solely at fault for the car wreck and that punitive damages could be assessed because Mr. Visser was intoxicated at the time of the accident. Id. at 21. According to Plaintiffs, Mr. Grand's delay in handling the case and pursuing settlement opportunities caused the judgment against Mr. Visser. Id. These allegations state a plausible claim for relief. Of course, the court expresses no opinion on the merit of these allegations.

As an alternative ground supporting jurisdiction, MGA argues that joinder of the claims under Fed. R. Civ. P. 20 was improper and that the appropriate remedy is severance, not remand. See Doc. 23 at 15–21; Doc. 24. According to MGA, severance is required because the legal malpractice and breach of fiduciary duty claims against the Grand Defendants "have no logical relationship" with those brought against MGA. Doc. 23 at 15–16. But there is a logical relationship: the claims against these defendants "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" and there are "question[s] of law or fact common to all defendants" in the action. Fed. R. Civ. P. 20(a)(2)(A), (B). Indeed, as MGA itself notes, Plaintiffs' litigation of their extracontractual claims against MGA will, among other things, include an analysis of "factors assumed by claim's handlers in determining the insured's exposure, and in arriving at decisions when and how much to place as settlement value on a claim." Doc. 23 at 18. Accordingly, because Plaintiffs' allegations against the Grand Defendants also necessarily include an analysis of Mr. Visser's underlying exposure, joinder is proper. See Flores-Duenas v. Briones, No. CIV 13-0660 JB/CG, 2013 WL 6503537, at *37–40

(D.N.M. Dec. 1, 2013). This court declines to sever the claims. See Fed. R. Civ. P. 21.

Plaintiffs also argue that remand would be appropriate for another reason: MGA did not obtain the consent of the Grand Defendants to remove the case, as is required by 28 U.S.C. § 1446(b)(2). Doc. 1 at 6. That requirement applies to "all defendants who have been properly joined," id. § 1446(b)(2)(A), and given MGA's theory of fraudulent joinder, the consent of improperly joined defendants would not be required. See Jernigan v. Ashland Oil Inc., 989 F.2d 812, 815 (5th Cir. 1993).

Finally, Plaintiffs seek attorneys' fees pursuant to 28 U.S.C. § 1447(c). Whether to award attorneys' fees and costs is within the discretion of the court. Topeka Hous. Auth. v. Johnson, 404 F.3d 1245, 1248 (10th Cir. 2005). "[T]he standard for awarding fees should turn on the reasonableness of the removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). This means that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Id. Obviously, there is a difference between an unsuccessful theory of removal (here, fraudulent joinder) and one that lacks an objectively reasonable basis. To be sure, an unpublished district court case suggests removal is improper in these circumstances, see Flores-Duenas, 2013 WL 6503537, at *37–40, but this court cannot say that there was no objectively reasonable basis for removal. This is not a case where the absence of removal jurisdiction was completely foreclosed; MGA anticipated the complete diversity problem and explained its view of the case.

NOW, THEREFORE, IT IS ORDERED that:

(1) Plaintiffs' Motion for Remand filed May 25, 2017 (Doc. 11) is granted on the basis of lack of subject matter jurisdiction. 28 U.S.C. § 1447(c).

(2) The Clerk is directed to remand the case to the New Mexico First Judicial District Court, County of Santa Fe.

DATED this 24th day of July, 2017 at Santa Fe, New Mexico.

/s/ Paul Kelly Jr.
United States Circuit Judge
Sitting by Designation

Counsel:

Scott P. Hatcher, Hatcher Law Group, P.A. Santa Fe, New Mexico, for Defendant MGA Insurance Co.

Erin B. O'Connell, O'Connell Law LLC, Albuquerque, New Mexico (Geoffrey R. Romero, Law Offices of Geoffrey R. Romero, Albuquerque, New Mexico, and Randy K. Clark, Randy K. Clark, P.C., Las Cruces, New Mexico, with her on the brief) for Plaintiffs.